COUNTY OF HAWAI`I, a municipal Corporation of the State of Hawaii, Plaintiff/Counter-Claim Defendant/Appellee Cross-Appellee
v.
ALA LOOP HOMEOWNERS, an unincorporated association, Defendant/Counter-Claimant/ Cross-Claimant/Appellee/Cross-Appellant, and WAI`OLA WATERS OF LIFE CHARTER SCHOOL, a public school organized under the laws of the State of Hawaii, Defendant/Cross-Claim Defendant/Appellant/Cross-Appellee, and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; AND DOE ENTITIES 1-10, Defendants/Appellees/Cross-Appellees and
ALA LOOP COMMUNITY ASSOCIATION, an unincorporated non-profit association, Third-Party Plaintiff/Defendant/ Counter-Claimant/Cross-Claimant/Appellee/Cross-Appellant,
v.
LAND USE COMMISSION, STATE OF HAWAII, Third-Party Defendant/Appellee/Cross-Appellee
No. 27707.
Intermediate Court of Appeals of Hawaii.
March 12, 2009.
Mark J. Bennett, Attorney General, Charleen M. Aina, Diane Erickson, Deputy Attorneys General for Defendant/Cross-Claim Defendant/Appellant/Cross-Appellee, WAI`OLA WATERS OF LIFE CHARTER SCHOOL and Third-Party Defendant/Appellee/ Cross-Appellee LAND USE COMMISSION STATE OF HAWAII.
Thomas L.H. Yeh, R. Ben Tsukazaki, Michael W. Moore, (Tsukazaki Yeh & Moore) for Third-Party Plaintiff/ Defendant/Counter-CIaimant/ Cross-Claimant/Appellee/ Cross-Appellant ALA LOOP HOMEOWNERS.

SUMMARY DISPOSITION ORDER
FOLEY, PRESIDING JUDGE, FUJISE AND LEONARD, JJ.
Defendant/Cross-Claim Defendant-Appellant/Cross-Appellee Wai`ola Waters of Life Public Charter School (Wai`ola) appeals from the Circuit Court of the Third Circuit's (Circuit Court's):[1] (1) Order Denying Wai`ola's Motion to Set Aside Entry of Default, filed on July 6, 2004; (2) Findings of Fact, Conclusions of Law and Judgment, filed on February 4, 2005; (3) Final Judgment, filed on March 4, 2005; and (4) First Amended Final Judgment, filed on December 12, 2005, in favor of Defendant/Cross-Claimant-Appellee/Cross-Appellant Ala Loop Homeowners aka Ala Loop Community Association (Association)[2] on Association's Cross-Claim Against Wai`ola (Cross-Claim) for declaratory and injunctive relief. Association cross-appeals from: (1) the Order Granting in Part and Denying in Part Association's Motion for Award of Attorney's Fees and Costs Against Wai`ola, filed on October 28, 2005 (Order Denying Attorney's Fees); and (2) the First Amended Final Judgment, filed on December 12, 2005. Association challenges the Circuit Court's denial of attorneys' fees pursuant to Hawaii Revised Statutes (HRS) § 607-25 (Supp. 2007).

I. RELEVANT FACTS
Wai`ola is a new century charter school, chartered pursuant to HRS §§ 302A-1181 and 302A-1182 (Supp. 1999). In July of 2003, Wai`ola acquired ownership of a twenty-eight acre parcel of land formerly known as the Sunshine Farms, located in an agricultural use district designated by the Land Use Commission of the State of Hawai`i (LUC). This property is located at 17-705 Ala Loop Road, in Kurtistown, District of Puna, County of Hawai`i, and is designated as TMK No. (3) 1-7-08:003 (Subject Property).
On August 14, 2003, through counsel, the Association wrote to the County of Hawai`i (County), Office of the Corporation Counsel (Corp. Counsel), stating that certain residents of property bordering Ala Loop Road asked counsel to review whether the proposed operation of Wai`ola upon land zoned for agriculture and accessed through Ala Loop Road in the absence of a state or county land use regulatory process was proper. The letter also stated that Wai`ola purchased the Subject Property for the purpose of operating a charter school, and provided some background on the Subject Property and the reasons for the Association's opposition to the operation of the charter school.
The Association asked Corp. Counsel to review HRS § 302A-1184 (Supp. 2002),[3] which exempts new century charter schools from all applicable state laws except, inter alia, health and safety requirements. The Association's letter explained their disagreement with the County's interpretation of HRS § 302A-1184:
As we understand, the County of Hawaii has previously interpreted certain statutes, particularly HRS Section 302A-1184, as exempting charter schools from applicable State land use district law to the effect that charter schools have been deemed exempt from obtaining special permits for the operation of charter schools on lands within the State agricultural district.[4] Based upon our review of Section 302A-1184 and other applicable law, we find that:
1. There is no exemption from land use regulatory law that has been established for the purpose of protecting the public health and safety, and
2. There is no express exemption from or preemption of county land use laws and regulations.
We therefore believe that the County's interpretation is contrary to the plain language and intent of Section 302A-1184 and that the failure to require the Waters of Life school to undergo the scrutiny of a special permit or other land use approval process will severely compromise the health, safety and welfare of the residents of the Ala Loop community, students and others who work at or visit the proposed school, and the public at large. For this reason, we ask that you review the current interpretation that the County has apparently adopted in light of the [above] information and to provide us with your position on the issue.
The Association argued that a special permit was required for the charter school, pursuant to HRS § 205-6 (2001), county zoning laws, and Land Use Commission (LUC)[5] rules, because the special permit requirements specifically involve a review of health and safety issues before an otherwise impermissible use can be established on land within the state agricultural district. The Association's attorneys concluded that Wai`ola was not exempt from compliance with State land use laws and county zoning laws, and that a use permit was required under county zoning laws in the absence of a special use permit.
Thereafter, Corp. Counsel wrote a letter to the Hawai`i County Council, dated October 9, 2003, which opined that new century charter schools are exempt from the requirement of obtaining a special permit under HRS § 205-6, pursuant to HRS § 302A-1184, but are required to obtain a county use permit under Chapter 25 of the Hawai`i County Code 1983 (1995 ed.).
On November 14, 2003, the County filed a Complaint for Declaratory Relief, naming Association and Wai`ola as defendants and seeking judicial confirmation for its position that new century charter schools, in this case, Wai`ola, "are exempt from obtaining a State special permit, but are required to obtain a County use permit, pursuant to Chapter 25 of the Hawai`i County Code[.]"
On November 20, 2003, the Association filed an Answer to the County's Complaint, a Counterclaim against the County, and a Cross-Claim against Wai`ola. Association's Counterclaim and Cross-Claim included five counts. In Count I, Association requested declaratory relief determining that Wai`ola must obtain a special permit from the Planning Commission and the LUC pursuant to HRS § 205-6 and the applicable rules and regulations of the Planning Commission and the LUC, prior to operating its charter school. In Count II, Association requested a temporary and permanent injunctive relief enjoining and restraining:
A. The County of Hawaii, its agencies, officers, directors, and employees from issuing any building permits, occupancy permits, or similar permits that would encourage, allow, or permit Defendant [Wai`ola] to operate a charter school, or any components or activities connected with the charter school, on Parcel 3 until and unless a special permit has been issued for Parcel 3 and Defendant [Wai`ola] has complied with all applicable conditions and laws for the operation as may be established by the Planning Commission and LUC and as may be required by applicable State and County law.
B. Defendant [Wai`ola], its agents, officers, directors, employees, teachers or representatives from conducting any classes or school related activities on Parcel 3 until and unless a special permit has been issued for Parcel 3 and Defendant [Wai`ola] has complied with applicable conditions for the operation as may be established by the Planning Commission and LUC.
Count III alleged that the Association is entitled to damages, attorneys' fees and costs from the County. Count IV sought damages, attorney's fees, and costs from Wai`ola.[6] Finally, Count V sought a production of documents from the County and attorneys' fees and costs related to that production.
The Association filed a Joinder and Third-Party Complaint Against LUC on December 2, 2003.
On May 4, 2004, the Association filed a Request for Entry of Default against Wai`ola on the ground that Wai`ola failed to file a responsive pleading to the Association's Cross-Claim despite receiving an extension of time to file its answer. The parties had previously stipulated and agreed to extend the time for Wai`ola and the LUC to file answers or other responsive pleadings, and the Circuit Court had also previously granted Wai`ola's Motion to Extend Time to Answer or File a Responsive Pleading, filed on February 25, 2004. Thereafter, the Circuit Court denied Wai`ola's motion for another extension. Wai`ola's answer and responsive pleadings were delayed by its difficulty in obtaining representation by or through the State of Hawai`i, Department of the Attorney General (AG), due to a possible conflict of interest. Eventually, Wai`ola secured representation by the AG.
On May 24, 2004, the Circuit Court entered a default against Wai`ola. On July 6, 2004, through the AG's office, Wai`ola filed a Motion to Set Aside Entry of Default on grounds of jurisdiction, Wai`ola's continuous efforts to secure counsel, and its purported meritorious defenses. Nevertheless, on August 11, 2004, the Circuit Court filed an Order Denying Wai`ola's Motion to Set Aside Entry of Default finding that Wai`ola made a "conscious choice not to be represented by private legal counsel" and therefore, failed to answer the Association's Cross-Claim in a timely manner, and that Wai`ola failed to satisfy the necessary criteria for setting aside an entry of default.
On October 20, 2004, the Association filed a Motion for Entry of Default Judgment and Permanent Injunction Against Defendant Wai`ola. After a December 2, 2004 hearing, the Circuit Court entered its Findings of Fact, Conclusions of Law and Judgment on February 4, 2005. In short, the Circuit Court ruled that Wai`ola was subject to the limitations and requirements of HRS Chapter 205 and that it may not conduct school activities on the Subject Property unless it first received a special permit under HRS § 205-6. Final Judgment was entered on March 4, 2005. In response to the dismissal of an appeal taken from the March 4, 2005 Final Judgment, the Circuit Court entered a First Amended Final Judgment on December 12, 2005, which included the proper determination and certification of finality the court's rulings on all claims made by the Association against Wai`ola. Wai`ola timely filed a Notice of Appeal on January 10, 2006. The Association filed a Notice of Cross-Appeal on January 24, 2006.
In its Opening Brief, Wai`ola informed this court that the County's Complaint, Association's Counterclaim against County, and Association's Third-Party Complaint against the LUC are still pending. The County and the LUC did not file answering briefs.

II. POINTS ON APPEAL
Wai`ola raises the following points of error:
1. Because the Association lacked standing and its claim to require Wai`ola to obtain a special use permit was either moot or not ripe, the Circuit Court did not have subject matter jurisdiction, and erred when it adjudicated the Association's cross-claim to judgment;
2. The Circuit Court erred when it failed to recognize that the Association's claims for declaratory and injunctive relief and for nuisance per se against Wai`ola, a state agency, are barred by sovereign immunity;
3. The Circuit Court misapplied Hawai`i Rules of Civil Procedure (HRCP) Rule 55(c) and abused its discretion in denying Wai`ola's Motion to Set Aside Entry of Default;
4. The Circuit Court lacked sufficient admissible, competent evidence for, and therefore erred in entering, default judgment under HRCP Rule 55(e) in the Association's favor; and
5. The Circuit Court erred in concluding that Wai`ola was using its farm in violation of State and County land use and zoning laws.
Association raises the following points of error on cross-appeal:
1. The Circuit Court erred in determining that the Association was required by HRS § 607-25(e)(2) to post a bond when it filed its Answer and Cross-Claim against Wai`ola, thus denying the Association a mandatory award of attorneys' fees and costs;
2. The Circuit Court erred when it failed to award the Association its attorneys' fees under HRS § 607-25 (e) (1);
3. The Circuit Court erred when it determined that HRS § 607-25 did not include Wai`ola's activities of operating the school on the Property and that such activities did not constitute `development' under the statute; and
4. The Circuit Court erred when it determined that Wai`ola was not considered a private party under HRS § 607-25.

III. APPLICABLE STANDARDS OF REVIEW
The Circuit Court's application of HRCP Rule 55, which governs the entry of default judgments, is reviewed for an abuse of discretion. Gonsalves v. Nissan Motor Corp. in Haw., Ltd., 100 Hawai`i 149, 158, 58 P.3d 1196, 1205 (2002) (citations omitted). The Hawai`i Supreme Court has held, however, that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." Rearden Family Trust v. Wisenbaker, 101 Hawai`i 237, 254, 65 P.3d 1029, 1046 (2003) (citations and internal quotation marks omitted).
The existence of jurisdiction is a question of law that our appellate courts review de novo under the right/wrong standard. Lingle v. Haw. Gov't Employees Ass'n, AFSCME, Local 152, 107 Hawai`i 178, 182, 111 P.3d 587, 591 (2005). Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. Id. Subject matter jurisdiction exists when a court has the power to hear a case. Tamashiro v. Dep't of Human Serv., State of Haw., 112 Hawai`i 388, 398, 146 P.3d 103, 113 (2006). A party cannot waive subject matter jurisdiction. Id. If the parties do not raise the issue of a lack of subject matter jurisdiction, a court sua sponte will. Id. When reviewing whether the lower court has jurisdiction, our appellate courts retain jurisdiction, not on the merits, but only for the purpose of correcting the error in jurisdiction. Id. A judgment rendered by a court without subject matter jurisdiction is void. Lingle, 107 Hawai`i at 182, 111 P.3d at 591 (citation omitted).

IV. DISCUSSION
The primary issues before this court stem from Counts I and II of the Association's Cross-Claim, in which the Association sought declaratory relief and injunctive relief against Wai`ola to enforce HRS § 205-6, and Association's claim for damages in the form of attorneys' fees and costs in part B of Count IV of the Cross-Claim. Association did not appeal the Circuit Court's dismissal with prejudice of its nuisance per se claim against Wai`ola in part A of Count IV of the Cross-Claim. Neither the County's claims for relief nor Association's claims against the County are before the court on this appeal.

A. The Association's Claims to Enforce HRS § 205-6
In Pono v. Molokai Ranch, Ltd., 119 Hawai`i 164, 194 P.3d 1126 (App. 2008), cert. rejected, 2008 WL 5392320 (Hawai`i 12/29/08), this court held that private citizens do not have a private right of action to enforce the provisions of HRS Chapter 205 and, therefore, lack standing to invoke a circuit court's jurisdiction to determine their claims to enforce Chapter 205. The enforcement of HRS Chapter 205 is precisely the relief sought by the Association and granted by the Circuit Court in this case. The Circuit Court's COLs state, inter alia:
6. There is a reasonable apprehension that Wai`ola may use the Subject Property in violation of the requirements and limitations of Chapter 205, HRS, unless it is enjoined from doing so.
7. The Association is entitled to a permanent injunction against Wai`ola enjoining Wai`ola from violation the requirements of Chapter 205, HRS.
8. There is an actual controversy regarding the applicability of Chapter 205, HRS, to Wai`ola. The Association is entitled to a declaratory judgment against Wai`ola.
The First Amended Judgment provides, inter alia:
1. Count I: On Count I of the Association's Cross-Claim against Wai`ola requesting declaratory relief, more particularly a determination that Cross-Claim Defendant Wai`ola must obtain a special permit from the Planning Commission and the Land Use Commission pursuant to HRS Section 205-6 prior to operating a charter school on its farm at Ala Loop Road, judgment is hereby entered in favor of the Association and against Wai`ola; . . .
2. Count II: On Count II of the Association's Cross-Claim against Wai`ola requesting temporary and permanent injunctive relief enjoining and restraining Wai`ola from conducting any classes or school related activities on its farm at Ala Loop Road until and unless a special permit has been issued [pursuant to HRS § 205-6], judgment is hereby entered in favor of the Association and against Wai`ola[.]
We conclude that the Association did not have a private right of action to enforce their Chapter 205 claims and, therefore, the Circuit Court lacked subject matter jurisdiction over the Association's claims. See Pono, 119 Hawai`i at 180-90, 194 P.3d at 1142-52; see also Lanai Co., Inc. v. Land Use Comm'n, 105 Hawai`i 296, 97 P.3d 372 (2004) (HRS § 205-12 authorizes the counties, not the LUC to enforce Chapter 205); accord Rees v. Carlisle 113 Hawai`i 446, 153 P. 3d 1131 (2007) (circuit court lacked jurisdiction because the subject ordinance did not create a private right of action). Thus, we do not reach the merits of Wai`ola's other grounds for challenging the Circuit Court's rulings in favor of the Association and against Wai`ola on the Association's Cross-Claims.

B. The Association's Cross-Appeal
The remaining issues on appeal stem from the Circuit Court's denial of the Association's request for attorneys' fees, based on HRS § 607-25, as the prevailing party on its Cross-Claims against Wai`ola. In light of our conclusion that the Association has no authority to prosecute a private action against Wai`ola to enforce HRS § 205-6, the Association cannot be considered the prevailing party in this action. Therefore, we need not address the other issues raised by the Association in conjunction with their request for an award of attorneys' fees.

V. CONCLUSION
A judgment rendered by a circuit court without subject matter jurisdiction is void. See Lingle, 107 Hawai`i at 182, 111 P.3d at 591; Amantiad v. Odum, 90 Hawai`i 152, 159, 977 P.2d 160, 167 (1999). Therefore, we reverse the Circuit Court's December 12, 2005 First Amended Final Judgment.
NOTES
[1] The Honorable Greg K. Nakamura presided.
[2] The Association, a non-profit unincorporated association whose members are residents and owners of lots abutting Ala Loop Road, was reportedly formed pursuant to Hawaii Revised Statutes Chapter 429 (Supp. 2002).
[3] This section was repealed in 2006 and reenacted as HRS § 302B-9 (Supp. 2006). 2006 Haw. Sess. L. Act 298, §§ 2-3 at 1210-11, 1216.
[4] In response to prior correspondence, the County's Planning Department had written the Association a letter, dated July 21, 2003, stating that based on HRS § 302A-1184 and a legal opinion received from Corp. Counsel, it was "exempting charter schools from state land use laws not expressly related to health and safety. The major effect of this exemption is that charter schools located in the State Land Use Agricultural District do not have to obtain special permits."
[5] HRS Chapter 205 charges the LUC with, inter alia, establishing district boundaries and classifications of all lands in the state, deciding on petitions for boundary changes, and deciding on requests for special use permits within the agricultural and rural districts.
[6] In the First Amended Final Judgment, filed December 12, 2005, the Circuit Court dismissed Count IV of Association's Counterclaim and Cross-claim with prejudice and entered judgment in favor of Wai`ola. On appeal. Association has not raised a challenge to the dismissal with prejudice of this claim.